**UNITED STATES of America**

v.

**Demetrius GREENHOWE.**

**Crim. No. 72-691.**

United States District Court,
E. D. Pennsylvania.

Jan. 24, 1974.

Robert E. J. Curran, U. S. Atty., Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Harry S. Tischler, Defender Assn. of Philadelphia, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This defendant, together with five co-defendants, was indicted for violation of 18 U.S.C. § 2112, specifically the unlawful and willful taking, by force and violence, of $150 in United States Government money from the person of William Gilmore, and following trial was convicted. At the time the Federal prosecution was proceeding, there was a companion state proceeding related to the same events and, in respect to which, state bail in the sum of $25,000 had been set; but this defendant, as was the case of his co-defendants, was unable to meet that state bail. The trial took place in July of 1973 and, by reason of post-trial motions filed by this defendant and his co-defendants, the Court set argument, heard argument, and ultimately filed its decision on December 27, 1973, denying the post-trial motions of the defendants for judgment of acquittal and/or a new trial.

One month before the Court's decision, on Monday, November 27, 1973, this defendant, while he was in the state prison at Holmesburg, was attacked by other prisoners which required his hospitalization at the Philadelphia General Hospital. On November 28, 1973, this defendant's counsel visited the defendant at Holmesburg in respect to the incident. On that same date, counsel visited the Court in Chambers and requested whether or not the Court was willing to reduce bail so that this defendant could be released. The Court indicated that it would be willing to entertain a form of petition and hearing but that the Court was not inclined to permit bail for two reasons. First, the defendant had been convicted of a serious charge involving a gang attack on a Federal agent wherein two weapons were included among the gang members, although this defendant did not have a weapon. Secondly, in view of the presence of state bail in the sum of $25,000, a reduction by the Federal Court of its bail piece to own recognizance or similar bail that the defend-

ant could meet would have no practical effect on permitting the defendant to leave the Holmesburg facility. The Court suggested that, in any event, counsel put its proposals in writing and, on November 29, 1973, counsel delivered to the Court's Chambers a motion entitled, "Petition for Relief" with three alternative Orders resulting from the previous discussion with counsel. The three Orders were that the Judge set aside the verdict and the indictment against the petitioner on the ground that the custody resulted in cruel and unusual punishment. The second form of Order, offered in the alternative, was that the Court reduce this defendant's bail to $25,000 own recognizance. The third and last alternative Order was that the Court direct the United States Marshal to remove the defendant from custody at Holmesburg Prison to another suitable facility outside of Philadelphia County. The Court indicated to counsel that it would be willing to sign an Order directing removal of the defendant and permitting immediate removal, but that it would be suggested that counsel take the steps necessary to have the state bail that would prevent such removal removed as a detainer. The Court indicated that, if that were done, the Court would be willing to direct the defendant's removal to another prison facility. The Court indicated that because of the seriousness of the charge it was unwilling to reduce bail or to dismiss the indictment and vacate the verdict. Counsel then took the steps necessary with Federal law enforcement authorities and state officials, including the Clerk of Common Pleas Court and the state bail clerk. Defense counsel also contacted a state District Attorney who assisted in locating the state bail piece and taking the steps necessary to have this bail piece lifted. Finally, on December 10, 1973, all of these steps were completed; defense counsel advised the undersigned, who signed the Order the same date directing the United States Marshal to remove the defendant to another facility. On December 13, 1973, the United States Marshal removed the defendant to the Chester County Prison where defendant has been ever since.

Much of this factual summary resulted from a request by the Court to defense counsel to furnish the Court a letter, which it did on January 18, 1974, and which the Court has reviewed and finds to be substantially accurate.

While certain state procedural obstacles existed on November 29 that prevented the removal of the defendant on that date to another prison, it is difficult to perceive what the Court can be expected to do at this time, or what more could have been expected of the Court under the circumstances that prevailed at the time the request was first made informally in Chambers on November 29, 1973. It was obvious to the Court and to defense counsel at that time that, no matter what action the Court took, the state bail would have been a bar to any action the Federal Court could have taken to either reduce bail or to direct the removal to another prison facility. The defendant was a *state* prisoner under a state charge and unable to make state bail. The obvious course of action was to have the state impediments removed, which this Court recommended that counsel do and which counsel ultimately did do but did not complete until December 10, 1973. When that was completed, this Court promptly signed the Order directing removal and the defendant was thereafter removed by the United States Marshal.

██ If defense counsel were dissatisfied with the Court's unwillingness to permit this defendant to be free on own recognizance bail, its course of action was to pursue its appeal rights under the Bail Reform Act of 1966. Inasmuch as the motion to vacate the verdict and dismiss the indictment was based primarily upon the dissatisfaction with the defendant with his place of custody, that prayer for relief was moot on December 10, 1973, when the Court directed that the defendant be moved to another prison